NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 20 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JABRIE BENNETT,

               Petitioner-Appellant,

  v.

Warden JEFF LYNCH,

               Respondent-Appellee.

No.   23-2223

D.C. No. 3:20-cv-05675-WHO

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
William H. Orrick, District Judge, Presiding

Argued and Submitted February 12, 2025
San Francisco, California

Before: VANDYKE and JOHNSTONE, Circuit Judges, and CHRISTENSEN, District Judge.[**]

Petitioner Jabrie Bennett seeks review of a district court judgment denying a writ of habeas corpus. We have jurisdiction under 28 U.S.C. § 2253(a), and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Dana L. Christensen, United States District Judge for the District of Montana, sitting by designation.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), we apply a "highly deferential" standard when evaluating state court rulings. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (citation omitted). We have statutory authority to grant habeas relief only if the state court's ruling was either (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The district court's denial of a petition for habeas corpus is reviewed de novo. *See Lopez v. Thompson*, 202 F.3d 1110, 1116 (9th Cir. 2000) (en banc). Under AEDPA, we evaluate "the last reasoned state-court decision," which in this case is from the state appellate court, the California Court of Appeal. *See Murray v. Schriro*, 745 F.3d 984, 996 (9th Cir. 2014). The petitioner bears the burden of proof. *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

1. Bennett argues that we should review de novo the California Court of Appeal's decision because it erred unreasonably by upholding the trial court's decision that considered the demographic makeup of the jury at the third stage of the *Batson v. Kentucky*, 476 U.S. 79, 96 (1986), inquiry rather than the first. But the state appellate court's determination that the trial court did not place undue weight on the presence of same-race jurors was not unreasonable. Indeed, the California Court of Appeal found that even if the trial court erred by "improperly inflat[ing] the

2

importance of [the presence of same-race jurors]" by finding it "'powerful evidence' of a … lack of discriminatory intent," the court would have "reach[ed] the same result under a de novo standard of review." So in rejecting the *Batson* challenge the California Court of Appeal did not err unreasonably. 28 U.S.C. § 2254(d).

2. The state appellate court was not objectively unreasonable in upholding the trial court's determination that the prosecutor's peremptory strike against Dominique Jones was race neutral. That the prosecutor made misstatements does not give rise to an inference of discriminatory intent. *See Rice v. Collins*, 546 U.S. 333, 340 (2006). The California Court of Appeal reasonably found that the prosecutor's misstatement that Jones's mother was incarcerated was minor because "the record supports that [Jones] had a close relative; that [Jones] was around her while she went through the court process; that she was incarcerated for a significant period on drug trafficking charges; and that he visited her multiple times during her incarceration." This concern is a race-neutral reason to strike a juror. *See People v. Cruz*, 187 P.3d 970, 987 n.3 (Cal. 2008); *Hernandez v. New York*, 500 U.S. 352, 360 (1991). Additionally, because the California Court of Appeal found Jones's experience visiting his aunt to be a "serious disqualifying issue," it was not unreasonable for the court, examining the totality of the circumstances, to conclude that the prosecutor was not "motivated in substantial part by discriminatory intent."

3

*Flowers v. Mississippi*, 588 U.S. 284, 303 (2019) (quoting *Foster v. Chatman*, 578 U.S. 488, 513 (2016)).

3. Bennett also argues that a comparative juror analysis demonstrates pretext. Here again, the state court's conclusion that these other jurors were not comparable was not unreasonable. 28 U.S.C. § 2254(d). None of the other jurors Bennett identifies visited a close relative while she was incarcerated.

**AFFIRMED.**